IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA,    *

    PLAINTIFF,    *

V.    *    CASE 1:05-CR-153-LSC

BRENDA McCALL,    *

    DEFENDANT.    *

**MEMORANDUM IN SUPPORT OF REQUEST FOR DEPARTURE**

Comes now defendant Brenda McCall, by counsel and in support of defendant's request for departure set out in paragraph 65, page 11 of the presentence investigation report submits the following:

1.  A) The defendant was convicted for the sale of 20 bottles of pseudoephedrine, each containing 36-60mg pills, on one occasion.  B) Defendant was a low paid cashier in a convenience store with no management responsibility, no monetary gain occurred and there was no evidence that defendant had the intent to assist others in the manufacturing of methamphetamine.  C) Defendant only worked in the store in question for a little over 2 months, her initial job was outside labor (cutting grass), she worked as a cashier for

1

about one month.  D)  There were no signs posted in Al's BP that the sale of pseudoephedrine was illegal.  E) When defendant realized the extent of what was going on in the store she quit her job and further, there is no evidence that defendant had ever before or since engaged in the same conduct. F)  The government waited over 2 years to prosecute defendant after the completion of this offense. G)  The defendant has never before been arrested or convicted for any criminal offense.

2.  It is contended a sentence within the range of 51 - 63 months would be unreasonable when considering the nature and circumstances of this offense.  It is contended that based upon the above the court has the authority to sentence defendant below the guideline range if the court believes such is reasonable.  U.S. v. Williams, 435 435 F.3d 1350, 1354 (11th Cir. 2006). ("After Booker, the sentencing guidelines are advisory, and the sentencing court, in its own discretion, can move below the advisory guidelines range without a motion for downward departure as long as the resulting sentence is reasonable.")

3.   See also:

a.   United States v. Withrow, 85 F. 3d 527 (11th Cir. 1996)(District Court has discretion to depart downward after making careful factual determination that defendant's conduct constituted single, aberrant act and such act is not established unless defendant is first time offender and crime was spontaneous and thoughtless act, rather than one which was result of substantial planning).

b. United States v. Restrepo, 936 F. 2d 661 (2nd Cir. 1991)(a downward departure under 18 U.S.C. §3553 may be warranted on the ground that minimal participation exists to a degree not contemplated by departure and court may property depart downward even though it has already granted defendant a reduction under 3B1.2 for minimal role).

c.   United States v. Alba, 933 F.2d 1117 (2nd Cir. 1991) (extremely limited nature of defendant's involvement in drug transaction were less than that of minimal participant under 3B1.2 and supports downward departure).

d.   United States v. Buchanan, 213 F. 3d 302 (6th Cir. 2000)(District Court obligated to consider defendant's alleged withdrawal from criminal activity prior  to arrest, since it

is a mitigating factor that has not been adequately considered

in formulating sentencing guidelines).

Respectfully submitted this 28th day of June,  2006.

s/Jeffery C. Duffey
JEFFERY C.  DUFFEY
Attorney for
Brenda McCall
600 South McDonough Street
Montgomery, AL  36104
Phone: 334-834-4100
Fax: 334-834-4101
email: jcduffey@aol.com
Bar No.  ASB7699F67J

## CERTIFICATE OF SERVICE

I hereby certify that on June 28th, 2006, I electronically

filed the foregoing with the Clerk of Court using the CM/ECF

system which will send notification of such filing to the

following: Tommie Hardwick, AUSA, P.O. Box 197, Montgomery, AL

36101.

s /Jeffery C. Duffey
JEFFERY C.  DUFFEY
Attorney for Brenda McCall